UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARSHAUN BUGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:18CV179-PPS/MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Marshaun Buggs, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-02-71) where a disciplinary hearing officer found him guilty of unauthorized possession of property in violation of Indiana Department of Correction (IDOC) policy B-215 on February 12, 2018. ECF 1 at 1. He was sanctioned with the loss of 30 days earned credit time. *Id.* The Warden has filed the administrative record and Buggs has filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Buggs was found guilty of violating IDOC offense B-215 which prohibits inmates from "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (January 1, 2018). ECF 5-11 at 1. Officer Brown wrote a conduct report charging Buggs as follows:

2

> On 2-8-18 at approx. 0915 I Ofc. D. Brown was conducting a search at FW46, during this search I found 2 bags of ice mixed with street salt in a foam cooler, [n]ext to cabinet. Also, upon this search I found a jug with floor wax in it. This cube belongs to offender Buggs Doc #147484. Offender Buggs is receiving a 215 unauthorized possession conduct report.

ECF 5-1 at 1.

On February 9, 2018. Buggs was notified of the charge when he was served with the conduct and screening reports. ECF 5-1 at 1, 5-4 at 1. During screening, he did not request any witnesses. ECF 5-4 at 1. However, he did ask to view the prison's security video footage. *Id*. The hearing officer reviewed the video footage and provided the following summary:

> Video review shows cube F W46 being shaken down as stated in CR. Due to camera positioning, it is unclear the contents of items, however at one point it appears the jug (as seen in still photo) is removed from cube. Anything else removed is not identified.

ECF 5-6 at 1.

The hearing officer held Buggs's disciplinary hearing on February 12, 2018. ECF 5-7 at 1. At the hearing, the hearing officer recorded Buggs's statement: "The container was empty. Possibly back wash. Was no salt in bags." *Id*. However, on the basis of staff reports, the notice of confiscated property form—listing the items found in Buggs's cube—along with a photo of the confiscated property, the hearing officer found Buggs guilty of possessing unauthorized property. *Id*.

In his petition, Buggs argues there are four grounds which entitle him to habeas corpus relief. ECF 1 at 2-3. In the first ground, he asserts his due process rights were

3

violated because there was insufficient evidence of his guilt. *Id*. at 2. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Officer Brown documented the fact she found two bags of ice mixed with street salt in a foam cooler and a jug of floor wax in Buggs's cube. ECF 5-1 at 1. These items were listed on the notice of confiscated property form (ECF 5-2 at 1), and photographed (ECF 5-3 at 1). These facts alone constitute "some evidence" that Buggs's possessed unauthorized property.

Nevertheless, Buggs argues there is insufficient evidence to satisfy the elements of offense B-215 because the offense mandates he must possess property "of another." ECF 1 at 2. However, the definition of B-215 does not require that property belong to someone else. Instead, the offense simply prohibits inmates from "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." *See* Appendix I, *supra*. ECF 5-11 at 1. Buggs does not deny that he possessed the items found in his cube or that inmates are not permitted to possess bags of ice mixed with street salt or jugs of floor wax.

Buggs also contends there was insufficient evidence for the hearing officer to find him guilty because the foam container Officer Brown confiscated from his cube was empty. ECF 1 at 2. However, this statement is inconsistent with the one he made during his screening at which time he stated the container was filled with blue water. ECF 5-4 at 1. Here, Buggs seems to be asking the court to reweigh the evidence, but that

4

is not the role of the court. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. Because the hearing officer considered all of the salient evidence, there was no violation of Buggs's due process rights. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). In other words, the hearing officer's finding that Buggs was guilty of possessing unauthorized property was neither arbitrary nor unreasonable in light of the facts presented in this case. Therefore, this ground does not state a basis for habeas corpus relief.

In ground two of his petition, Buggs argues that his due process rights were violated because the evidence seized from his cube was destroyed. ECF 1 at 2. He claims he had a right to "confront" the evidence he was accused of possessing in order to "disprove" his guilt. ECF 1 at 2, 1-3 at 3. In this regard, Buggs asserts he should have been given the floor wax jug and color photographs taken of the evidence. ECF 1-3 at 3. He explains the photographs would have shown the "characteristics of the salt that was allegedly seized." ECF 1 at 2. Thus, according to Buggs, these two crucial pieces of evidence would have contradicted the reporting officer's conduct report. ECF 1-3 at 3.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *See Wolff*,

5

418 U.S. at 556. A court is not required to apply the test applicable to the destruction of evidence during a criminal trial. *Hubanks v. Frank*, 392 F.3d 926, 930 (7th Cir. 2004); *Lenea v. Lane*, 882 F.2d 1171, 1173-74 (7th Cir. 1989) ("It is well-settled that prison disciplinary proceedings are sui generis, governed by neither the evidentiary rules of a civil trial, a criminal trial, nor an administrative hearing."). Here, Buggs's due process rights were not violated because he did not have a right to have the confiscated evidence preserved by prison officials. *Angarita-Garzon v. Helman*, 202 F.3d 272, 1999 WL 1062744, at *2 (7th Cir. 1999). Furthermore, to the extent IDOC policy mandates preservation of seized property, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Therefore, this second ground does not provide a basis for granting habeas corpus relief.

In his third ground, Buggs asserts his process rights were violated because the hearing officer denied his request to view the video footage of the shakedown of his cube. ECF 1-3 at 3-4. While Buggs had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, he did not necessarily have a right to personally review that evidence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from

6

the prisoner and the public . . . "). Buggs did not have the right to review the footage of the shakedown because its release would have given Buggs and other offenders insight into the surveillance techniques employed by prison officials to identify and combat disciplinary infractions and offenses. In other words, the release of the footage would have jeopardized the safety and security of the prison facility.

Nor does the video footage contain any exculpatory evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). While Buggs has a right to present relevant, exculpatory evidence in his defense, the video footage contained incriminating—not exculpatory evidence—because the hearing officer was able to identify the jug (as seen in the photo) as one of the items removed from the cube. ECF 5-6 at 1. Because the hearing officer reviewed the footage, there was no violation of his due process rights. *White*, 266 F.3d at 767. He therefore was not prejudiced in any way by the hearing officer's denial of his request to review the video. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

In ground four, Buggs argues his due process rights were violated because the Department of Correction erroneously issued a March 2, 2018 letter denying his second-level appeal. ECF 1 at 3. The DOC initially incorrectly determined that Buggs had not suffered a "grievous loss" that would authorize a secondary appeal. ECF 5-9 at 1.

However, that mistake was corrected on March 20, 2018, and the DOC issued a second letter acknowledging that Buggs had "completed all of levels of appeal through the Department of Correction procedures" and also informed him that if he wished to obtain relief, he needed to file a petition in federal court. ECF 5-10 at 1. Therefore, Buggs's fourth ground does not identify a basis for relief because he was able to exhaust his administrative remedies to allow him to file this petition.

As a final matter, Buggs raised one new claim in his traverse. However, because this claim was not identified as a ground for relief in his petition, as required by Section 2254 Habeas Corpus Rule 2(c)(1), it is not properly before the court. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(C)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); *Minniefield v. Lemmon*, 333 F. App'x 131, 132 (7th Cir. 2009). Nevertheless, even if this ground had been properly raised in his petition, it would not have been successful on the merits.

Buggs contends his due process rights were violated because neither the street salt nor contents of the jug were tested by prison officials. ECF 11 at 2-3. However, the fact that the prison did not test these items did not violate Buggs's due process rights. While prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 556. *See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); *Rhatigan v. Ward*, 187 Fed. Appx. 889,

8

890-891 (10th Cir. 2006); *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Because he did not have a right to the creation of evidence—the testing of the street salt or contents of the jug—he has not identified a basis for granting habeas corpus relief.

If Buggs wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY: Marshaun Buggs's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on March 5, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT